## MARY FRANZESE

vs.

## LIQUOR CONTROL COMMISSION

Superior Court      Fairfield County      File #46112

Present: Hon. CARL FOSTER, Judge.

Delaney, Murphy & Kotler,    Attorneys for the Plaintiff.

Warren B. Burrows, Atty-Gen.,
Raymond A. Johnson,
   1st Asst. Atty-Gen.,      Attorneys for the Defendant.

### MEMORANDUM FILED MARCH 16, 1935.

FOSTER, J. This appeal from the Liquor Control Commission of the State of Connecticut was by this Court referred to Honorable Leonard J. Nickerson, State Referee, to find the facts and the same report to this Court. From the Finding of Facts filed by the State Referee it appears that the applicant, Mary Franzese, duly filed her application for a restaurant permit to sell alcoholic liquors under the provisions of the Liquor Control Act and that the application was rejected by the Liquor Control Commission because of unsuitability of the person. Such unsuitability is based upon two grounds: (a) because of domestic responsibilities conflicting with those upon a permittee, (b) by reason of the reputation of the husband of the applicant as a prospective employee in the business.

It appears that Louis Franzese, husband of the applicant, conducted a restaurant at the same place at which the applicant proposes to conduct a restaurant. He became in default in the payment of a balance due on fixtures in such restaurant under a conditional bill of sale held by the Leon Store Fixture

Company and the conditional vendor took possession of the property and resold the same to one Edward W. Shea, who employed Louis Franzese in such restaurant. Shea has been unable to make payments upon the unpaid balance due the conditional vendor, payment of which he assumed, and the applicant is to assume such obligation. The applicant intends to continue the employment of her husband Louis Franzese in the business. Louis Franzese has been convicted of violating the law relative to the sale of liquor on four occasions from February, 1921 to April, 1927, though none of such convictions were for violation in or connected with the premises where the permit is now sought.

The State Referee finds that the applicant is a suitable person unless the reputation of her husband, Louis Franzese, as a prospective employee renders her unsuitable.

The statute provides that:

"No person who has served a sentence for a conviction of a violation of any federal or state law concerning the manufacture or sale of alcoholic liquor prior or subsequent to July 1st, 1933, or who has more than once paid a fine or penalty for any such violation in settlement of any prosecution against him, or has forfeited his bond to appear in court to answer charges for any violation, shall be deemed a suitable person to be granted a permit within the meaning of this section."

Louis Franzese is not eligible upon the facts of this case to receive a permit such as is here desired.

The law further provides that:

"No permit shall be granted . . . . to any female who is a member of a household of any person to whom a permit has been refused or by whom a permit has been forfeited."

It is true that no permit has been refused to or forfeited by Louis Franzese. It seems to the Court, however, to be obvious that this application is simply an attempt to evade the law by securing the granting of an application to the wife of one who is not eligible to be the permittee of such an application. Certainly the spirit of the law is clearly indicated when a female who is a member of a household of any person to whom a permit has been refused or by whom a permit has been forfeited cannot receive a permit. Certainly one who is a member of a household of Louis Franzese, who, by conviction of a violation of the law has placed him-

self in a position of being unable to make application for a permit, is in a situation practically the same as if she were a member of a household of one to whom a permit had been refused or by whom a permit had forfeited.

I am of the opinion that under the law for reasons above stated the applicant is an unsuitable person, as found by the Liquor Control Commission.

Since I find it necessary to reach this conclusion upon the facts above stated, it is not necessary to rule upon other reasons for which the application was rejected by the Liquor Control Commission.

The appeal from the Liquor Control Commission is dismissed and the temporary injunction dissolved.